UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

KIM VASQUEZ,

                              Plaintiff,

          v.                                                               9:16-CV-0320
                                                                          (GLS/DJS)

NEW YORK STATE OFFICE OF
MENTAL HEALTH et. al.,

                              Defendants.
_____

APPEARANCES:

KIM VASQUEZ
15-A-2737
Plaintiff, pro se
Mid-State Correctional Facility
P.O. Box 2500
Marcy, NY 13403

GARY L. SHARPE
Senior United States District Judge

# DECISION and ORDER

## I.    INTRODUCTION

On November 12, 2015, pro se plaintiff Kim Vasquez commenced this civil rights action asserting claims arising out of his confinement in the custody of the New York State Department of Corrections and Community Supervision (DOCCS). Dkt. No. 2 ("Compl."). Presently before the Court is plaintiff's amended complaint. Dkt. No. 9.

## II.    PROCEDURAL HISTORY

Plaintiff commenced this action in the United States District Court for the Southern District of New York ("Southern District"). In the original complaint, plaintiff asserted claims

against the New York State Office of Mental Health (OMH) related to his medical treatment at Downstate and Sing Sing Correctional Facilities and his confinement at Central New York Psychiatric Center (CNYPC). *See* Dkt. No*.* 7 at 1, 3. At the time he filed the complaint, plaintiff also filed a request to proceed in forma pauperis (IFP). Dkt. No. 1. On January 21, 2016, Chief United States District Judge Loretta A. Preska granted plaintiff's IFP application. Dkt. No. 6.

On February 9, 2016, after a review of the complaint in accordance with 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A, Judge Preska issued an Order (the "Order to Amend"). Dkt. No. 7. The Court held that plaintiff's claims against OMH were barred and subject to dismissal based upon the Eleventh Amendment. *See id.* at 5-6. The Court also dismissed plaintiff's deliberate indifference claims regarding medical treatment at Downstate and Sing Sing Correctional Facilities finding that plaintiff failed to name a proper party defendant and, further, that plaintiff's allegations did not satisfy the subjective requirement of the deliberate indifference analysis. *See id.* at 4. With respect to the claims regarding plaintiff's medical care at CNYPC, the Court discussed the issue of venue:

> Plaintiff alleges that his rights were violated at CNYPC and during a hearing in the Supreme Court of New York, Oneida County. The CNYPC is located in Oneida County, within the Northern District of New York. *See* 28 U.S.C. § 112(a). Plaintiff alleges no facts to suggest that this Court is an appropriate venue under § 1391(b)(1) or (2). But because plaintiff alleges that the events occurred at the CNYPC, in Oneida County, the United States District Court for the Northern District of New York is an appropriate venue for those claims. *See* § 1391(b)(2). Accordingly, the Court declines to consider these claims on the merits and instructs plaintiff that if he wishes to purse these claims, he should file a complaint in the United states District Court for the Northern District of New York.

Dkt. No. 7 at 8.

Plaintiff was granted leave to amend only with respect to claims arising out of his medical treatment at Downstate and Sing Sing Correctional Facilities. *See* Dkt. No. 7 at 5. Plaintiff was advised that any amended complaint shall "name individual defendants who he claims were personally involved in the violation of his federally protected rights." *See id.* at 6. The Court noted, "[p]laintiff may not reassert any claims in his amended complaint that arose outside this district." *See id.* at 5. The Clerk of the Court provided plaintiff with an Amended Civil Rights Complaint form. *See id.* at 11.

On March 15, 2016, plaintiff filed an amended complaint against CNYPC and OMH. Dkt. No. 9 at 1. On March 17, 2016, Judge Preska issued a Transfer Order finding:

> In the amended complaint, plaintiff alleges, among other things, that on August 29, 2015, he was "choked unconscious" at the Central New York Psychiatric Center (CNYPC) in Oneida County, New York. He further alleges that on August 13, 2015, he was "sexually molested" at CNYPC. Plaintiff fails to name any individuals who were personally involved in such incidents or supply any information that would allow such individuals to be identified.

Dkt. No. 12 at 1.

The Court transferred the action to this Court based upon 28 U.S.C. § 1391(b) and (c)(1) and held:

> Plaintiff alleges that the August 13 and August 29th assaults took place at CNYPC in Oneida County, New York. The only defendants named in the amended complaint are CNYPC and the New York State Office of Mental Health (OMH). Because plaintiff does not sue any defendant that resides in this district or allege that a substantial part of the events or omissions giving rise to his claim occurred in this district, venue is not proper in this Court under § 1391(b)(1), (2).

Dkt. No. 12 at 2.

## III.    LEGAL STANDARD

Plaintiff's IFP application was granted while his action was pending in the Southern District.  Because plaintiff seeks relief from an officer or employee of a governmental entity, the Court must consider the sufficiency of the allegations set forth in the amended complaint in light of 28 U.S.C. §§ 1915(e) and 1915A.  Section 1915(e) of Title 28 of the United States Code directs that, when a plaintiff seeks to proceed in forma pauperis, "the court shall dismiss the case at any time if the court determines that – . . . (B) the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).[1]

Similarly, under 28 U.S.C. § 1915A, a court must review any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity" and must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint . . . is frivolous, malicious, or fails to state a claim upon which relief may be granted; or . . . seeks monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915A(b); *see Carr v. Dvorin*, 171 F.3d 115, 116 (2d Cir. 1999) (per curiam) (noting that Section 1915A applies to all actions brought by prisoners against government officials even when plaintiff paid the filing fee).

Additionally, when reviewing the amended complaint, the Court may also look to the Federal Rules of Civil Procedure.  Rule 8 of the Federal Rules of Civil Procedure provides that a pleading which sets forth a claim for relief shall contain, *inter alia,* "a short and plain

---

[1]   To determine whether an action is frivolous, a court must look to see whether the complaint "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

4

statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The purpose of Rule 8 "is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of res judicata is applicable." *Hudson v. Artuz*, No. 95 CIV. 4768, 1998 WL 832708, at *1 (S.D.N.Y. Nov. 30, 1998) (quoting *Powell v. Marine Midland Bank*, No. 95-CV-0063 (TJM), 162 F.R.D. 15, 16 (N.D.N.Y. June 23, 1995) (other citations omitted)).

A court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While the court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* Thus, a pleading that contains only allegations which "are so vague as to fail to give the defendants adequate notice of the claims against them" is subject to dismissal. *Sheehy v. Brown*, 335 F. App'x 102, 104 (2d Cir. 2009).

### IV.     SUMMARY OF THE AMENDED COMPLAINT

Plaintiff brings this action pursuant to 42 U.S.C. § 1983, which establishes a cause of

action for "'the deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." *German v. Fed. Home Loan Mortgage Corp.*, 885 F. Supp. 537, 573 (S.D.N.Y. 1995) (citing *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983)) (footnote omitted); *see also Myers v. Wollowitz*, No. 6:95-CV-0272 (TJM/RWS), 1995 WL 236245, at *2 (N.D.N.Y. Apr. 10, 1995) (stating that "§ 1983 is the vehicle by which individuals may seek redress for alleged violations of their constitutional rights." (citation omitted)). "Section 1983 itself creates no substantive rights, [but] . . . only a procedure for redress for the deprivation of rights established elsewhere." *Sykes v. James,* 13 F.3d 515, 519 (2d Cir. 1993) (citation omitted). The Court will construe the allegations in plaintiff's amended complaint with the utmost leniency. *See, e.g.*, *Haines v. Kerner*, 404 U.S. 519, 521 (1972) (holding that a pro se litigant's complaint is to be held "to less stringent standards than formal pleadings drafted by lawyers").

Plaintiff, an inmate currently confined at Mid-State Correctional Facility ("Mid-State C.F."), asserts claims arising out of his confinement at CNYPC. *See* Am. Compl. On August 12, 2015, OMH illegally transferred plaintiff from Sing Sing Correctional Facility to CNYPC. *See id.* at 2. On August 13, 2015, plaintiff was "sexually molested." *See id.* On August 29, 2015, plaintiff was "choked unconscious" and sustained a "busted lip" and black eye. *See id.* at 3. Plaintiff was also "poisoned by force with a syringe needle filled with medicines that caused severe allergic reactions" and psychological injuries. *See id.*

On September 15, 2015, as a result of a "court date" in New York State Supreme Court, in Oneida County, the court issued an order directing that plaintiff be released from

CNYPC.[2]  *See id*.  Despite the order, plaintiff remained illegally detained at CNYPC until September 29, 2015 when plaintiff was handcuffed and "kidnapped" by Mid-State C.F.  *See id*.

Plaintiff alleges that OMH "falsified documents" and committed "perjury" in an action before Supreme Court of New York.  *See id.*  Plaintiff also claims that he has been prevented by OMH from practicing his "Muslim religion" and that he was denied adequate medical treatment at CNYPC.  *See id*.

**V.    Analysis**

**A.    Claims Against OMH and CNYPC**

The Eleventh Amendment has long been construed as barring a citizen from bringing a suit against his or her own state in federal court, under the fundamental principle of "sovereign immunity."  U.S. Const. amend. XI ("The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."); *Hans v. Louisiana,* 134 U.S. 1, 10-21 (1890); *Idaho v. Coeur d'Alene Tribe of Idaho,* 521 U.S. 261, 267 (1997); *Pennhurst State Sch. & Hosp. v. Halderman,* 465 U.S. 89, 100 (1984).  Eleventh Amendment immunity is lost only if Congress unequivocally abrogates states' immunity or a state expressly consents to suit.  *Gollomp v. Spitzer*, 568 F.3d 355, 365-66 (2d Cir. 2009).  It is well-settled that Congress did not abrogate states' immunity through 42 U.S.C. § 1983, *see Quern v. Jordan*, 440 U.S. 332, 343-45 (1979), and that New York State has "not waived its immunity from suit on the claims asserted in

---

[2] The case before the court was entitled *Vasquez (#369358) v. Office of Mental Health,* (15-0446).

7

plaintiff's complaint. *See generally Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 38-40 (2d Cir. 1977); *Dawkins v. New York*, No. 93-CV-1298 (RSP/GJD), 1996 WL 156764 at *2 (N.D.N.Y. 1996). Actions for damages against a state official in his or her official capacity are essentially actions against the state. *See Will v. Mich. Dep't. of State Police*, 491 U.S. 58, 71 (1989).[3]

In the original complaint, plaintiff asserted § 1983 claims against OMH. *See* Compl. The Court previously dismissed those claims as barred by the Eleventh Amendment. *See* Dkt. No. 7 at 6. In the amended complaint, plaintiff reasserts his § 1983 monetary claims against OMH and alleges additional § 1983 claims against CNYPC. For the reasons set forth herein and in the Order to Amend, insofar as plaintiff seeks an award of money damages pursuant to Section 1983 against the OMH and CNYPC, *see* Am. Compl. at 5, those claims are barred by the Eleventh Amendment and are hereby dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b). *See Linwongse v. NYS Office of Mental Health*, 249 F. App'x 862-63 (2d Cir. 2007) (finding that the New York State Office of Mental Health is a state agency and thus, protected by Eleventh Amendment immunity from the plaintiff's suit for monetary damages); *see also Abdul-Matiyn v. Pataki*, 2008 WL 974409, at *14 (N.D.N.Y. April 8, 2008) ("[T]he Central New York Psychiatric Center[,] ... [as an institution, is an] arm[ ] of the state for Eleventh Amendment purposes and ... therefore, [is]

---

[3] In *Ex Parte Young*, 209 U.S. 123 (1908), the Supreme Court established an exception to state sovereign immunity in federal actions where an individual brings an action seeking injunctive relief against a state official for an ongoing violation of law or the Constitution. Under the doctrine, a suit may proceed against a state official in his or her official capacity, notwithstanding the Eleventh Amendment, when a plaintiff, "(a) alleges an ongoing violation of federal law and (b) seeks relief properly characterized as prospective." *See In re Deposit Ins. Agency*, 482 F.3d 612, 618 (2d Cir. 2007) (quotations and citations omitted); *see also Santiago v. New York State Dep't of Corr. Serv.*, 945 F.2d 25, 32 (2d Cir. 1991) (holding that such claims, however, cannot be brought directly against the state, or a state agency, but only against state officials in their official capacities).

absolutely immune from [P]laintiff's claims for monetary damages in this lawsuit.") (citation omitted).

**B.     Remaining Claims**

In the Order to Amend, the Court discussed the law pertaining to personal involvement and 1983 and found that plaintiff "fail[ed] to bring the action against a defendant that may be sued." *See* Dkt. No. 7 at 6-7. Plaintiff was provided with the opportunity to file an amended complaint to cure the deficiencies in his original pleading related to individual liability. In that regard, the Court directed plaintiff to "name the defendant(s) in the caption and in the statement of claim those individuals who were allegedly involved in the deprivation of his federal rights." *See id.* at 8. Plaintiff was advised that if he did not know the name of any defendant, "he may refer to that individual as 'John Doe' or 'Jane Doe'." *See id.*

In the amended complaint, plaintiff alleges that he was illegally transferred to CNYPC and illegally detained at CNYPC. *See* Am. Compl. at 2, 3. Plaintiff also claims that he was "choked," "sexually molested," "poisoned," and "kidnapped." *See id.* at 2-3. "It is well settled that, in order to establish a defendant's individual liability in a suit brought under § 1983, a plaintiff must show, *inter alia*, the defendant's personal involvement in the alleged constitutional deprivation." *Grullon v. City of New Haven*, 720 F.3d 133, 138 (2d Cir. 2013). Thus, "a Section 1983 plaintiff must 'allege a tangible connection between the acts of the defendant and the injuries suffered.'" *Austin v. Pappas*, No. 04-CV-7263, 2008 WL 857528, at \*2 (S.D.N.Y. Mar. 31, 2008) (quoting *Bass v. Jackson*, 790 F.2d 260, 263 (2d Cir. 1986)) (other citation omitted). The Court has thoroughly reviewed the amended complaint and finds that it suffers from the same infirmities as the original complaint and fails to comply with the Order to Amend. Plaintiff failed to identify any individual involved in any alleged

constitutional violations. Moreover, plaintiff disregarded the Court's direction regarding the naming of John Doe or Jane Doe defendants. For the foregoing reasons and the reasons set forth in the Order to Amend, plaintiff's claims are dismissed in their entirety pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted.[4]

Plaintiff has already been provided one opportunity to amend his complaint with respect to his claims. The deficiencies with his original complaint, identified in the Order to Amend, have not been cured with the amended complaint. Accordingly, the Court finds that any further amendment would be futile.

## VI. CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED** that plaintiff's claims § 1983 claims for monetary damages against the New York State Office of Mental Health and CNYPC are **DISMISSED with prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b); and it is further

**ORDERED** that this action is **DISMISSED without prejudice**[5] pursuant to 28 U.S.C.

---

[4] Plaintiff claims that he wrote to the Commissioner of DOCCS, Andrew Cuomo, Superintendent J. Ward and the Director of the CNYPC, Peter Russell. *See* Am. Compl. at 4. These individuals are not named as defendants in the amended complaint and plaintiff does not assert any allegations of wrongdoing by them. Plaintiff summarily states that he "wrote" to these individuals, but the amended complaint lacks any facts with respect to when, the substance of any writing, where he forwarded correspondence or what response, if any, he received from any of the aforementioned individuals.

[5] In the Transfer Order, Judge Preska noted:

> The Second Circuit has cautioned district courts, [ ], against making a merits determination of the claims of an incompetent person who is not properly represented. *See Berrios v. N.Y. City Hous. Auth.*, 564 F.3d 130, 134 (2d Cir. 2009) (concluding that "the court may dismiss the complaint, but without prejudice"); *Jacobs v. Cty. of Westchester*, No. 02-0272, 2005 WL 2172254, at *1 (2d Cir. Sept. 7, 2005) (court should consider "the fact that the plaintiff was confined to a prison psychiatric ward" and other "evidence that suggested the plaintiff's mental incompetence" when determining wither a dismissal *with prejudice* was warranted).

10

§ 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted; and it is further

**ORDERED** that the Clerk shall close this case; and it is further

**ORDERED** that the Clerk serve a copy of this Decision and Order on plaintiff in accordance with the Local Rules.

**IT IS SO ORDERED**.

April 4, 2016
Albany, New York

*Gary L. Sharpe*
Gary L. Sharpe
U.S. District Judge

---

Dkt. No. 12 at 2 n.1.